**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LIONEL S. LAWRENCE, SR., | : | |
|     **Plaintiff,** | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 21-CV-5307** |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, *et al.*, | : | |
|     **Defendants.** | : | |

<u>**MEMORANDUM**</u>

**ROBRENO, J.**                                                    **JANUARY 31, 2022**

Plaintiff Lionel S. Lawrence, Sr. filed this *pro se* civil action against Judge Genece E. Brinkley of the Philadelphia County Court of Common Pleas, the Philadelphia District Attorney's Office, and Assistant District Attorney Jonathon M. Frisby.[1]  (ECF No. 2 at 1-2.) Also before the Court is Lawrence's Motion to Proceed *In Forma Pauperis* (ECF No. 1). Because it appears that Lawrence is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*.  For the following reasons, the Complaint will be dismissed in its entirety for failure to state a claim.

## I.     FACTUAL ALLEGATIONS[2]

On March 23, 2013, a jury found Lawrence guilty of forgery, theft by deception, and securing execution of documents by deception. (ECF No. 2 at 12); *see also Commonwealth v.*

---

[1]  The caption also lists as defendants the "Commonwealth of Philadelphia" and the "Assistant District Attorney Office."  (ECF No. 2 at 1.)  However, when asked to list all defendants in his Complaint, Lawrence identified only: (1) Judge Brinkley, (2) the District Attorney's Office, and (3) ADA Frisby. (ECF No. 2 at 2).  In any event, the "Assistant District Attorney Office" appears to be the same as the District Attorney's Office and there is no legal basis for a claim against the Commonwealth of Pennsylvania.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).

[2]  The following allegations are taken from Lawrence's pleadings, exhibits attached thereto, and public dockets.

*Lawrence*, CP-51-CR-0000867-2011 (C.P. Phila.) ("Docket Sheet").  Lawrence was sentenced to two to four years of incarceration followed by two years' probation.[3]  (Docket Sheet at 12.)  On May 22, 2015, the Pennsylvania Superior Court denied Lawrence's direct appeal and affirmed the judgments of sentence.  (*Id*. at 14.)  The Pennsylvania Supreme Court denied *allocator* on November 10, 2015.  (*Id*.)  On December 27, 2016, Lawrence filed a *pro se* Post-Conviction Relief Act  ("PCRA") petition that he amended on August 10, 2018.  (*Id*. at 15-16.)  ADA Frisby filed the Commonwealth's response to Lawrence's Amended PCRA petition (ECF No. 2 at 12-16).  Judge Brinkley entered an order dated September 16, 2019, dismissing Lawrence's PCRA petition.  (Docket Sheet. at 18.)  Lawrence did not appeal Judge Brinkley's decision.

Although the facts in the Complaint are sparse, the Court understands Lawrence to be alleging that the underlying criminal case against him should have been dismissed because "the victim never came to court" as she died before trial.  (ECF No. 2 at 3.)  Lawrence also claims that Judge Brinkley was "[biased]" against him in denying his PCRA petition.  (*Id*. at 2 ,4.)  On these allegations, Lawrence asks the "court to [overturn his criminal] case." (*Id*. at 4.)  He also seeks one million dollars in damages "for [his] pain." (*Id*.)

## II.     STANDARD OF REVIEW

The Court will grant Lawrence leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

---

[3] Lawrence completed his sentence on March 21, 2019.  (ECF No. 2 at 16.)

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id.* at 678.

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  As Lawrence is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

Lawrence's claims fail because they are either barred by principles of absolute immunity or they are not cognizable in a civil rights action.  The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Lawrence's Complaint must be dismissed.

### A. Claims against Judge Brinkley

Lawrence's claims against Judge Brinkley stem from actions taken by Judge Brinkley while presiding over Lawrence's criminal case, including dismissing his PCRA petitions. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."). Moreover, "[g]enerally . . . ' where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Here, Lawrence's claims against Judge Brinkley stem from how Judge Brinkley ruled on his post-conviction filings. Because Judge Brinkley acted within the scope of her judicial capacity, over a matter within her jurisdiction, she is absolutely immune from suit and the claims against her will be dismissed with prejudice.[4]

---

[4] In addition to monetary damages, Lawrence appears to seeks injunctive relief in the form of his criminal case being overturned. (ECF No. 2 at 4.) Although judicial immunity previously applied only to damages claims, "[i]n 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Azubuko*, 443 F.3d at 303-04 (quoting § 1983); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197-98 (3d Cir. 2000) (observing that the 1996 amendment "implicitly recognizes that declaratory relief is available in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is

**B. Claims against ADA Frisby**

Liberally construing the Complaint, Lawrence's claims against ADA Frisby relate solely to ADA Frisby's presentation of the Commonwealth's response to Lawrence's amended PCRA petition.  Prosecutors are entitled to absolute immunity from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  This immunity extends to prosecutors who advocate for the Commonwealth in the context of post-conviction proceedings. *Yarris v. Cty. of Delaware*, 465 F.3d 129, 137 (3d Cir. 2006) ("We agree with other courts that '[a]bsolute immunity applies to the adversarial acts of prosecutors during post-conviction proceedings ... where the prosecutor is personally involved ... and continues his role as an advocate . . . '" (quoting *Spurlock v. Thompson*, 330 F.3d 791, 799 (6 Cir. 2003) (alterations in original))).  Although prosecutorial immunity would not preclude claims for injunctive relief, *see Blakeney v. Marsico*, 340 F. App'x 778, 779 (3d Cir. 2009) (*per curiam*) (citing *Supreme Ct. of Va. v. Consumers Union of the U.S.*, 446 U.S. 719, 736 (1980) and *Jorden v. Nat' l Guard Bureau*, 799 F.2d 99, 110 (3d Cir. 1986)), the injunctive relief sought by Lawrence — that his criminal case should be overturned — is not germane to his claims against this Defendant, a prosecutor who cannot provide the relief sought.  As such, the claims against ADA Frisby will be dismissed.

---

unavailable or inadequate"); *Kornafel v. Del Chevrolet*, 788 F. App'x 895, 896-97 (3d Cir. 2020) ("[T]o the extent [a plaintiff] seeks injunctive relief, 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'") (quoting 42 U.S.C. § 1983).  There is no allegation that a declaratory decree was violated, or declaratory relief was unavailable to Lawrence.

### C.  Claims against the District Attorney's Office

Lawrence includes the Philadelphia District Attorney's Office as a Defendant in his Complaint but does not refer to it in the body of his Complaint.  There is conflicting authority regarding whether the District Attorney's Office may be sued under § 1983. *See Reitz v. Cty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) (holding that "the Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability").  *But see Sourovelis v. City of Philadelphia*, 103 F. Supp. 3d 694, 711-12 (E.D. Pa. 2015) (declining to follow *Reitz* because its "central holding" as to the Bucks County District Attorney's Office was only that plaintiffs had failed to meet an evidentiary burden and the Court's statement at the end of the opinion, that "the Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability," was "arguably dicta").  In any event, Lawrence's claims fail because they are not cognizable.  To the extent that Lawrence seeks to "overturn" or challenge his underlying criminal conviction, any such claim would be barred because success on the claim would necessarily imply the invalidity of Lawrence's intact convictions.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" (footnote and citation omitted)); *Gilles v. Davis*, 427 F.3d 197, 208-09 (3d Cir. 2005) ("[A] § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings.").  That is so regardless of whether *habeas* relief is available to Lawrence.

*Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) ("[A] § 1983 remedy is not available to a litigant to whom habeas relief is no longer available."). Because Lawrence's conviction and sentence have not been reversed, expunged, or otherwise invalidated, his damages claims are not cognizable under § 1983. *See Curry v. Yachera*, 835 F.3d 373, 378-79 (3d Cir. 2016) (holding that plaintiff's failure to allege that his conviction was declared invalid warranted dismissal of his § 1983 claim); *see also Brown v. City of Phila.*, 339 F. App'x. 143, 145 (3d Cir. 2009) (noting that a § 1983 claim "based on an allegedly unconstitutional conviction or sentence does not accrue until the invalidation of that conviction or sentence."). Accordingly, Lawrence's claims against the Philadelphia District Attorney's Office will be dismissed.[5]

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Lawrence leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Lawrence's claims against the District Attorney's Office are dismissed without prejudice to him filing a new civil action only in the event his conviction is invalidated. *See Curry*, 835 F.3d at 379 (*Heck* dismissals must be without prejudice). His claims against the remaining Defendants are dismissed with prejudice. The Court concludes that amendment would be futile. An appropriate Order follows.

**BY THE COURT:**

***/s/ Eduardo C. Robreno***
**EDUARDO C. ROBRENO, J.**

---

[5] *Heck* also provides an alternative ground for the dismissal of Lawrence's claims against the other Defendants.